SAMUEL I. LEVETT & al. *versus* WESLEY JONES & als.

A poor debtor, *before* commencing his disclosure, delivered to his attorney a
sum of money, as a payment in part of the amount he was indebted to him,
and also for the payment of the justices' fees, for taking the disclosure; *held,*
that the justices were authorized to discharge him, notwithstanding the cred-
itor claimed the money.

This is distinguishable from the case of *Butman* v. *Holbrook*, 27 Maine, 419,
the appropriation of the money having been made *before* the disclosure was
commenced.

ON REPORT from *Nisi Prius*, TENNEY, C. J., presiding.

*Stewart*, for the plaintiff.

*J. Crosby*, for the defendant.

The facts in the case are sufficiently stated in the opinion
of the Court, which was drawn up by

RICE, J.—Debt on a poor debtor's bond. The case shows
that the principal in the bond, within the time prescribed
by law, cited the creditors before two justices of the peace
and quorum, was fully examined by astute counsel for the
creditors, and was discharged. He disclosed no estate real
or personal, not exempt from attachment, unless it was the
sum of five dollars and two cents with which he had provid-
ed himself to defray the expenses of his disclosure. This
sum he placed in the hands of his attorney, before he com-
menced his disclosure, directing him to pay the justices
their fee and to retain the balance for his own services. He
also states that the claim of his attorney on him was more
than the whole amount thus deposited with him. It also
appears, that the debtor's attorney did not pay over the fee
of the justices until the disclosure had been commenced.
There is no assertion, however, that the disclosure was not
a full and fair one, and that, aside from the money already
spoken of, the debtor was not entitled to have the oath ad-
ministered to him.

But, under the authority of *Butman* v. *Holbrook*, 27 Maine, 419, the plaintiffs claim a forfeiture of the bond. In the case cited, the learned Judge, who delivered the opinion, manifestly felt that he was giving the statute a rigid, technical construction, and awarding the pound of flesh without abatement to the plaintiff.

The case at bar, however, does not fall within the rule prescribed in that case. There the money was not appropriated till after the disclosure had been commenced. Here the appropriation was made before it commenced. The distinction is not very broad, it is true, but sufficiently so to permit the defendants to escape the technical trap.

*Plaintiffs nonsuit.*

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.